We'll move on to the last case for today, J.J. Rissell, Allentown PA, Trust v. Marchelos. Mr. Brewer, hold on, let's make sure we have the other counsel. Can you wait just a minute, Steve? Pardon me? Can we have one minute, please? Sure. Just one minute. Yeah. Thank you. Oh, happy to do so, Judge Hull. Okay, Mr. Brewer? May it please the court, good morning. Good morning. These three appeals present two main issues for the court to consider, the first being finality and the second being mootness. Mootness arises in two contexts, equitable mootness and statutory mootness. So I have a question about whether this is even effective notice of appeal when the law firm that filed it was disqualified. Thank you, Judge. And that was addressed recently by the court. The jurisdictional inquiry referenced United States v. Almazine. Let's assume it's not jurisdictional. I just wonder, how can it be an effective notice of appeal if the attorney who files it has been disqualified? So the issue is not that disqualification precludes the effectiveness of the notice of appeal. The notice of appeal is effective if the client authorizes the attorney to file it. If the attorney has been disqualified by the court, then the client could not have authorized. The disqualification... There's no qualified agent of the trust to represent it if the attorneys who filed the notice have been disqualified. The bankruptcy court had never disqualified the trustee from acting in his capacity as trustee. And in fact, the bankruptcy court did ultimately allow the trust's proof of claim as a claim of interest. The trust can't appear... An individual can't appear pro se on behalf of the trust. The trust can only appear through an authorized agent. And the law firm's not been authorized to represent them. In this case, Your Honor, the trustee is not just serving as a trustee. He is also an attorney. So while the case law... An attorney who's been disqualified from representing the trust. But he has only been disqualified from representing the trust in the bankruptcy case. He was not disqualified from representing several other clients who he filed papers on in the bankruptcy court, nor was he disqualified from representing the trust in this appeal. So I thought the trust... All right. So the trust is a 50% shareholder of the debtor that was created solely to ensure that the law firm would collect its legal fees. Isn't that right? Not 100%, but mostly, yes. The trust was also created such that... And the bankruptcy court concluded that the law firm's representation of a shareholder in which it had a business interest conflicted with its simultaneous representation of the debtor, right? That's correct. However, Judge, it's important to point out the sequence of events because the law firm only ever represented the debtor in possession while it was in possession in Chapter 11. Upon appointment of the Chapter 11 trustee, the law firm's role was effectively sidelined. At that point, the only statutory duty that the debtor had, therefore, that the law firm had in advising the debtor was to cooperate with the trustee. And in this case, the law firm and the debtor, to the extent the law firm was representing the debtor, they did cooperate with the trustee. There was no conflict at that point. The law firm tried to... Once the Chapter 11 trustee was appointed, the law firm filed a motion to withdraw from representing the debtor. The bankruptcy court initially denied that motion, but thereafter granted a motion to disqualify the law firm from representing the debtor. At that point, there was no current conflict interest, current client conflict interest. But the bankruptcy court never authorized the law firm to represent the trust. It disqualified the law firm from representing the trust because of the conflict and never vacated or rescinded that order, right? Correct. A trust is an artificial entity, right? Correct. It can only appear in our court through an authorized agent, right? Yes. And the bankruptcy court has disqualified it from representing, the law firm from representing the trust. The bankruptcy judge did disqualify the law firm from representing the trust. In this litigation. In the underlying bankruptcy case, yes. It was never disqualified in the district court and certainly not here. The... That's an appeal of an order in the trial court where the firm's been disqualified. That's correct. There are three related appeals. One of them is the appeal challenging... You say they're not disqualified. They're disqualified in the case. It's not a matter of disqualified in the court. As I understand it, the law firm was disqualified in the bankruptcy case. But anyway, I have this question. The chief is talking about the order that disqualified the law firm originally and then subsequently there was some change of entities or some movement or whatever. But then what is actually on appeal is not that order. What is on appeal is the law firm came in and asked again, the bankruptcy court, we want to resume our representation. And I just want to make sure I've got what is the order that the district court entered that's on appeal. And the... Because I think it's even more tenuous here because you're out of the case. You've been disqualified. And then your law firm came back in and said, we want to resume our representation. And the district court said, no, I've already disqualified you. And that's the order that's on the appeal that you then appeal from a denial of your motion to resume representation in a case in which you were disqualified. So we got really two things. And the problem is up here. He said, no, you can't be in this case anymore. I've already disqualified you. Not once, but you've switched around. I can't remember the transaction. Maybe the trustee came into this. You said, okay, we're now just representing... Our conflict is gone. Y'all tried to say the original conflict is now gone. And the courts, the bankruptcy court said, no, it's not gone. You had even this prior conflict keeps you out of this case. So my question is, isn't it true? The order on appeal is the denial of your motion to resume the representation. Yes. Yes, it is. The initial order... I don't know exactly where we were. I appreciate you. I apologize. No, you're right. You go ahead. I just need to make sure I had this correct. The initial order disqualified the firm under rule 4-1.7, which was a current conflict, current client conflict rule. Thereafter, the law firm was disqualified from representing the debtor. Remember the law firm first requested to withdraw from representing the debtor. The bankruptcy court denied that motion, but thereafter disqualified upon the motion of Spiro Marchalis to disqualify, to not allow the law firm to any longer represent the debtor. Remember at that point, the role of representing the debtor was ministerial at best. There was an appointed chapter 11 trustee. The trustee takes control of the management, the operations of the business. And the law firm's obligation was merely a statutory duty to cooperate and assist the debtor in possession. You're going to the merits of the disqualification. We have a threshold question of what happens if you have been disqualified and who can represent that same client on appeal. That's what we're struggling with. Who did you ask to resume representation for? The appellant here, the J.J. Rissell Allentown PA Trust. And you had done that before too. You were representing them before. Correct. I know you did the debtor before, but you also did the trust before. Correct. In fact, you filed the bankruptcy itself on behalf of the debtor. Correct. The law firm filed the bankruptcy on behalf of the debtor in possession. The court says you've got a conflict. You can't represent the debtor and you can't represent this trust at the same time. And some other matters, you can't represent them. You've got a conflict now. And then the court said you can't resume to represent the trust because you still have a conflict. What was the disqualification under then? And that's the distinction. So the disqualification order on appeal deals with rule 4-1.9, which deals with conflicts with former clients. And that's why this appeal is before the court. The bankruptcy court's ruling on 4-1.9 was factually and legally flawed. The court determined that the law firm was engaging in conduct which was materially adverse to a former client and that it was in a substantially related matter. The rule, the comments to the rules, and the case law all support, especially in a bankruptcy context, where there are numerous, numerous discrete disputes. You don't have, it's not a complaint and a truer trial. You have lots of different intervening interests. We understand that. We need to go back to the threshold question. As I understand the chief question, I'm just trying to see if you have an answer to it. We're now on appeal on just that order, but he said you cannot represent the trust. So the issue simply becomes, he's still saying you cannot be in this bankruptcy case. And the trust has got to get some other lawyer to appeal that. You can't appeal it. And that did occur in case 20-11357, the third appeal that's before the court. That notice of appeal was not filed by my law firm, my partner's law firm. It was not filed. It was filed by the successor counsel that the trust was forced to obtain in advance of the confirmation hearing that took place in the bankruptcy. But the appeal in the disqualification matter is by your law firm. Correct. And the second appeal is by your law firm. Correct. And I will point out, because I think it might be instructive. But I don't understand how that helps you when the third appeal on the whole plan is now confirmed, why that matters. Who the lawyer is there when we're dealing with the first appeal. We've got to see what we've got jurisdiction of. I mean, not jurisdiction. I agree it's not jurisdiction. It's whether we've got an effective notice of appeal, a valid notice of appeal. I thought you were here today in the third appeal on behalf of the trust. I thought you were here appearing in all three appeals. That's correct. The notice of appeal itself was filed by successor counsel in the bankruptcy court. However, the law firm did appear in the district court and has appeared. You're with the law firm that was disqualified, right? That's correct. And actually the notice of appeal in our court is front with the law firm in all three appeals. That's correct. That was from the district court level. It's our position. That's where we are. No, I'm cool. People might disappeal whether your law firm can participate in this appeal. That's the issue. And it's our position that we've never been disqualified from participating in the appeal. And if the disqualification is effective for the case, all aspects of the case, then you're out. It's also important that I note the initial notice of appeal for the first case we're talking about, 19-10607. Mr. Brewer, is that right? Perhaps I said that more as a declaratory statement, but it was really meant as a question. So if the disqualification means that you are not authorized to represent the trust in this bankruptcy case, both in this court and the district court and in the bankruptcy court, then you're out and we should dismiss the appeal. No, I do not agree with that statement. Why not? Why wouldn't that be true? Because the bankruptcy court did not disqualify the firm from representing the firm. If it found that you're disqualified from representing the trust, my point is this, if that's effective in all aspects of this litigation, that is in all courts, both the bankruptcy court and just assume for a moment that it's effective in all aspects of the litigation of this bankruptcy case, then you're out, right? We have to dismiss the appeal. If the disqualification order, yes, absolutely. If the disqualification order, actually, again, I apologize. I do not necessarily agree with that. The cases that I've recently- Why wouldn't that be true? Well, because the Fifth Circuit in the El Mazin case, actually, it dealt with two issues. The first one was whether or not the notice of appeal, two relevant issues. I should qualify. The opinion is about 100 pages. The last few pages dealt with the dismissal of two related appeals. The one appeal was dismissed because the attorney who filed it never had requisite corporate authority to file and prosecute the appeal. The second appellant's case was dismissed because there was not a finding of professional misconduct. There was merely a district court maybe chastising or finding an attorney's conduct not ideal in the context of the litigation, but there was no finding of professional misconduct. The court did note that should there have been a finding of professional misconduct, that would have served the basis for appellate review. The issue was mainly that there was a lack of corporate authority. In that case, the district court actually appointed the trustee to go and represent the corporation that it sought to appeal, on which the behalf of the corporation it sought to appeal. The district court blessed that attorney to represent, and the circuit court still found that the judicial act of authorizing an attorney to do something was not the issue. You know, after the bankruptcy court disqualified your law firm and Mr. Moffa acting purportedly pro se in his capacity as trustee of the trust and as attorney for the related entities, went so far as to file a competing plan of reorganization in the bankruptcy court that would have released the debtor's claims against his law firm and made him president of the reorganized debtor. Isn't that right? That's correct. The competing plans, and there are thousands of pages of documents and information, and it's a lot to obviously get your hands around and minds around for anyone. I'm not having a hard time getting my hands around this. I understand. And I'm not either. It's pretty clear. It's two brothers. I mean, the case has got a lot of paper, but it's, and then a lawyer comes in and does what he does. And I mean, it's pretty consistent through what's going on here. It's really not hard to get your head around it. When did your disqualification evaporate? At what point in time did the disqualification for representing the trust cease? It never did. It was all, but it was limited. It was qualified. You just answered the question that Chief Judge put to you earlier. No, he qualified. In all times in the litigation. I think the answer is that the Chief Justice's question was assumed for the moment that the disqualification order disqualified you from representing the trust in all aspects of the bank. No, no, no. Well, the disqualification order would have been before that court that you couldn't represent the trust. The Bankruptcy Court wasn't concerned with the District Court or the Court of Appeal. Correct. And my question is, when did the disqualification de facto cease? At the moment that the law firm represented the trust in any matter other than in the Bankruptcy Court in the contested matters associated with the Bankruptcy case. And the law firm... And appealing a Bankruptcy Court order is not still representing the trust in matters revolving the Bankruptcy case? Well, I think it's a good question. And I think it's important to note that the notice of appeal was filed by the law firm in the Bankruptcy Court. There was a... I don't exactly recall the exact circumstance, but there was some sort of procedural snafu, if you will, where the designation of record was filed in the District Court as opposed to the Bankruptcy Court. An inadvertent mistake. And the law firm filed a motion. Ultimately, the appeal was initially dismissed. However, the law firm in the Bankruptcy Court filed a motion for reconsideration of that dismissal order, which the Bankruptcy Court there granted. And allowed the prosecution of the appeal by the law firm into the District Court. And here we are today. The question about the plans... I know it sounds ridiculous, the plan. And I appreciate the panel's concerns. The plan was effectively such that the plan that was confirmed contained pages of releases, injunctions, and borrowers that protected Spiro Marchalos. It protected Fisherman's Pier. It protected third parties that were not the debtor. And it reserved claims against the other faction of the family, which included Martha Marchalos, my firm, the law firm, the trusts, and additional third parties. So you effectively have one plan where Mr. Marchalos, he was able to retain causes of action, claims against third parties. And though same third parties were precluded from asserting defenses, were enjoined and were barred from defending their interests. So the competing plan was really, in a vacuum, yes, it sounds a little bit absurd. But really what the competing plan was, was to level the playing field, to neutralize the litigation, to stop continued litigation, and try to effectuate a management structure that could be stable. But I don't want to deal with the plan because I think it's also, we have this important threshold issue, but on the equitable move, there was no stay of the confirmed plan. And except for purpose of that argument, this thing, an automatic stay did it, is totally a lax merit. But other than your claim that the automatic stay somehow had some effect, there's no stay of the plan, right? No, that's absolutely correct. The plan was never stayed. And the plan has been substantially consummated. There's no question about that. Correct. The plan has been substantially consummated. And in fact, most creditors have been paid. So the relief requested on appeal does not affect third parties that are not parties to the appeal. It does not require the unscrambling. But Mr. Martha, the disqualified lawyer, what he really wants is voting stock. That's what he's trying to get. That was what he wanted. Mr. Martha also proposed to pay $150,000 for the rights to control, to manage the company, basically. I know, but that's not the plan the Bankruptcy Court and the creditors wanted. That's what he wanted. Correct. They didn't want any part of Mr. Martha. The creditors wanted everything else. The president of the state court appointed how many years ago? Go back to the state court litigation. They litigated there. The Bankruptcy Court did the same thing. Then we got this plan that's been confirmed. Seems to me, saying this is not equitably moved is a frivolous argument. Tell me why it's not. Because the relief that's requested on appeal would not affect third parties that have good faith reliance on the judgment. Tell me what the relief, again, is you're asking on appeal? We're basically asking for two things, two or possibly three. The first would be to level the playing field. The plan that was confirmed basically gave an injunction and a bar order to protect- All right, you covered that. What else besides that? The additional relief would be to issue the voting securities, the reissuance of stock in conformity with federal law. He's still trying to get in control, like he's been trying to do all along. You answered my questions and your time is up. I appreciate it. Thank you. Yeah, we'll hear from- You've saved eight minutes for rebuttal, Mr. Kugach. Good morning, your honors. On behalf of Sunit Kapur, the former Chapter 11 trustee, what I will say, and I think Mr. Lehman will confirm, that this was a joint plan and he adopts my arguments and I will adopt his with regard to the other two appeals. I think it's very safe to say that your honors statements, that you have your arms wrapped around this pretty thoroughly, is accurate, judges. And I will start by commenting on the issue that took up most of the argument, which is this disqualification. There were three bites at the apple by Mr. Mafa and he was denied- No, he says the disqualification is only effective in the bankruptcy court. No, no, sir. There's no possible way that that can be accurate. You have appeals here of three different things. You have an appeal of the Section 363 order on the lease and the option. You have an appeal of the confirmation order and then the appeal of disqualification itself. They were actively opposed by Mr. Mafa as trustee at the bankruptcy court level. And after he was disqualified as counsel, Mr. Gleason came in and actually made these arguments at the confirmation hearing, which was also the hearing on the approval of the lease and the option. And I apologize for that. That's something I can't mute. I can't forward your calls. No, sir, I'm at home. I apologize. In any event, Judge, the bottom line here is that all these appeals are a continuation of the contested matters that were the subject of the bankruptcy court disqualification. There's no way that Judge Ray could anticipate in advance what appeals would be taken from this. He could only deal with what was in front of him at the time, which he was clearly upset with in the tone and the language of the orders that were entered. The only reason that the disqualification or that the withdrawal was not approved at the outset was he expressed on the record a concern as to whether that would preserve malpractice claims against Mr. Mafa and his firm. Ultimately, it was determined they would not, and he allowed the withdrawal and then ultimately entered the orders of disqualification. To say that that does not carry over onto these appeals, what else are they? The whole crux of this is that the initial action, the bankruptcy case was filed by Mr. Mafa as counsel, and he acted as counsel for the debtor in possession. Statutorily, when the trustee was appointed, the trustee took over for the debtor in possession, but they occupied the exact same place in the bankruptcy case, the same fiduciary responsibilities, the same obligations. So clearly this was a continuation of representation of the same client, and it clearly created a situation where there was conflict as to a former client in the same matters in which there was clearly an adverse effect on the client by the continued representation. I think that was abundantly clear, and I don't see how that can be contested with all due respect by Mr. Mafa or his counsel. So whether it's jurisdictional or whether it's simply disqualification in this case, we think that the disqualification is effective, and we believe that the appeals should be dismissed and can be dismissed on this basis. I have a question. I tried to think back just to a normal case. So you've got a normal case in the district court, and counsel's disqualified. Okay, just regular litigation, counsel's disqualified. They're representing, let's say, Delta Airlines, and for whatever reason, the plaintiff says, that lawyer represented me before, knows about this matter. They're just disqualified. I've tried to make this simple to figure out what happens there. And so the judge says, you're right, Delta, you can't have this lawyer in this case. There's a conflict here. Now, the question is, doesn't Delta have to have, if the Delta wants to say, no, no, no, that's the only lawyer who's represented, doesn't Delta have to get a new lawyer to appeal that? I mean, otherwise, I don't know how- Judge, absolutely. But you know what? I went and kind of looked for it. Maybe it's because it never happens. This is so either novel or egregious, depending on your point of view. I couldn't find something real quick, you know, saying that, because normally, you just have another lawyer who's saying, you know. I think that that's accurate, and that's exactly what would happen in that case. No, no, forgive my saying this, but y'all look like experienced lawyers, and I thought you might know from practice kind of how that works. Judge, if I were disqualified in the case, I would never come in on the appeal. I would look at that as a continuation of the same matter with the same clients that resulted in this qualification. But if you wanted to appeal it, because it's an ongoing client, your client can hire a lawyer to appeal it. Client would have to hire a different lawyer in order to perfect that appeal and to prosecute that appeal. And my point was simply, where you have a debtor in possession who statutorily is vested with all the authority of a trustee, except to get paid for it, and then you have a trustee appointed, it's the same client. Yeah, this is even a worse case, because it's all, we took the interest of the debtor, and that's the law firm owns it. It's even more. Yes, Judge, I totally believe that. So I think, I'm sorry. Okay, okay. I don't mean to cut you off. I've said enough. Go ahead. Thank you, Judge. So I think that that takes care of the disqualification issue on the merits, which didn't really get reached. And I think the briefs are very clear on this. Should we reach the merits? I don't think you should reach the merits, but since this is oral argument and you're not deciding on the spot, and I have a few minutes here, if I could just briefly comment on those points. I wondered if you really don't want a ruling on the merits, because this thing's gonna go on and on and on. Judge, my preference is, if you find that this qualification issue is sufficient, that that's sufficient here, and I'm more than happy to stand on the briefs on the rest of the arguments here. There's no reason why just dismissing the appeal doesn't get you out of, you can now proceed. I just wanted, if you really needed a merits ruling, I don't know whether we could do it or not in light of this, because this has just gone on for so long. Well, if the notice of appeal is defective, because it was filed by disqualified lawyers in each of the three appeals to this court, the time for filing a notice of appeal has run. This is the end, isn't it? I totally agree with that, and I think you take it. That would be a merits ruling in a way. Yeah, I think that that's completely accurate. If the court has any questions or wants to hear the other substantive issues, I'm happy to discuss that. If not, I'll rest on the briefs and allow Mr. Layman. One thing I can tell you, I can only speak for myself about this, but the only regret I had about this morning was that we had allocated too much time for this argument. I will rest on the briefs on the balance of the arguments for my appeal, judges. Thank you very much. Thank you, Mr. Layman. Mr. Layman, you're muted. We need to hear you. May it please the court. I'm Tom Layman. I represent Mr. Marcellos in the appeal 19-10607, and I represent both the former trustee and Mr. Marcellos on the appeal of the confirmation order, which is 20-11357. The court has, I think, set the table for this argument, and the only thing that I would add on the issue of jurisdiction is the attempt by the appellants to draw a distinction on the last appeal, the confirmation order, by showing that they had another lawyer file the notice of appeal is really an argument that the straw man, they found someone to file a notice of appeal to obviate the need to sidestep Judge Ray's order disqualifying them from all matters relating to the bankruptcy case, and that argument essentially says that the appellees in every court that this appeal goes up to, district court, this court, is required to file a motion to disqualify each time in order to have that court determine it. We don't think that should be the decision by the court that a disqualified lawyer who's been disqualified as to matters relating to the appeals cannot appear, period, and that would essentially be our position. I think it is where the court is going. I am happy to answer any questions about the merits. They're set forth. Our arguments are pretty clear in the briefs, but I'll entertain any questions. I take the chief's position. I was trying to ask you one, so let's hear from Judge Holt. I went back and had somebody look and tell me who the lawyer was. I thought the Moffitt firm, Mr. Breuer, I'm sorry if I'm saying it wrong. Mr. Breuer. Mr. Breuer was filing the notice of appeal and the confirmation appeal. Candidly, Judge, I can't recall in the bankruptcy court which law firm filed the notice of appeal. I'm taking Mr. Breuer's word. I'm talking about in our court. Oh, definitely. Everyone else except that one bankruptcy notice of appeal. Yes, Your Honor, you're correct. We got to look at our court. Right. You were confusing me. So you were talking about bankruptcy. I got it, I got it. Thank you. Your court was, the notices of all three were filed by lawyers who were disqualified by Judge Ray in the bankruptcy court from appearing for these matters. Okay. If the court has any questions about any other issues, I'm prepared to answer them, but I don't think there are any. Thank you, Mr. Layman. Mr. Breuer, you've saved some minutes for rebuttal. Yes, I'd like to address a few comments. The issue addressed by Mr. Pugash that once the Chapter 11 trustee was appointed, the client was effectively the same and that the duties to the client remain the same. And I disagree with that statement. I know it has more to do with merits. However, the duty that inures to the attorney is dependent upon the role the attorney serves vis-a-vis the client. And upon the appointment of the Chapter 11 trustee, the fiduciary duty shifts to the trustee for the estate and the debtor that is dispossessed no longer maintains that fiduciary duty. Therefore, the counsel representing him no longer maintains that fiduciary duty. Mr. Breuer, the fact remains is the bankruptcy court disqualified your law firm in all three cases. Whether right or wrong, you're going to merits, it disqualified your law firm in all three cases from representing the trust, correct? Mr. Breuer. Well, it was in one case in the bankruptcy court. It was disqualified under the- Ms. Laird. Okay, it was disqualifying the case. So- Mr. Breuer. That's correct. Ms. Laird. Your law firm, you cannot participate in the bankruptcy case. Mr. Breuer. That's correct. We were precluded from representing the J.J. Russell Trust, the appellant here in the bankruptcy case due to a current representation, concurrent representation with the debtor. Ms. Laird. Whatever the reason, it doesn't matter. The bankruptcy court disqualified you. Mr. Breuer. Yes, that's true. But I believe that the reason does matter because the initial disqualification order was based on a current conflict between two current clients. The order that we did appeal- Mr. Breuer. Is it your argument that it evaporated, the grounds for disqualification evaporated? Is that what your argument is? Mr. Laird. That was the argument we presented in the motion that- Mr. Breuer. It evaporated. And since those grounds are not present in the district court or in this court, is that your argument? Mr. Laird. That was the argument. Yes, that's the argument we presented in the bankruptcy court. We asked- Mr. Breuer. Bankruptcy court said you're disqualified. The grounds for the disqualification and all those facts, they're irrelevant. You just can't represent the debtor. That's the argument. Mr. Laird. We couldn't represent the trust. Mr. Breuer. They couldn't represent the trust. Mr. Laird. We couldn't represent the trust because we represented the debtor.  That's right. Because of the relationship- Mr. Laird. Correct. Mr. Breuer. And that, your argument is that evaporated- Mr. Laird. When we no longer represented the debtor. Mr. Breuer. If it's not present now. Mr. Laird. Correct. And that's what the judge- Ms. Laird. That's why I asked you way back, when did the disqualification cease and your argument is once the case left the bankruptcy court? Mr. Breuer. Well, once we no longer represented the debtor. Mr. Laird. Yeah. Mr. Breuer. Which is prior to the case leaving the bankruptcy- Mr. Laird. But you did not get the bankruptcy court to rescind the disqualification order. Mr. Breuer. We moved, correct. That's what we did. Mr. Laird. You failed in an effort to get the bankruptcy court to then let you represent the trust. Mr. Breuer. However, I'll say yes, but with a qualified yes, in that in the bankruptcy court's ruling, denying our motion to represent the appellant trust, the bankruptcy court effectively gutted its prior ruling under 4-1.7 and gave a new ruling under 4-1.9, which is the disqualification rule for a former client. So the nature of the disqualification- Yeah. Well, the facts changed, so the rule changed. Mr. Breuer. A current client became a former client, which is a different rule, but the same result. Correct. Well, yes. The same- But that doesn't represent the former client in the same case. It's a separate case, but it represented this former client was still in the same case. Correct. It was in the same case, but it was in a different matter, and that's the dispute because the rule that precludes the representation that was the basis for the disqualification order, it defines when you can and cannot engage in representing an adverse interest to a former client. And when the matter is not a substantially related matter, you can absolutely represent an interest adverse to a former client. And that's contained within 4-1.9. It's contained within the rules of Florida Bar. If it's the same case, how can it not be a substantially related matter? Well, it's very- Because, quote, matters are substantially related for the purposes of this rule if they involve the same transaction or legal dispute, or if there is otherwise a substantial risk that confidential information, as would normally have been obtained in prior representation- It's the same legal dispute. It's the bankruptcy case. No, but see, that's the nuance in bankruptcy. You have potentially millions of controversies. And each- And as the court explained- The Supreme Court explained in the Ritson case recently, the court really needs to focus on the procedural unit that's tangential to the entirety of the bankruptcy case in order to really analyze each individual dispute. And the Supreme Court in Bullard and Ritson has, you know, that bankruptcy is a conglomerate. It's an aggregation of many different disputes. And the issue as to disqualification or right to counsel has nothing to do with the ultimate allowance of the claim, which was allowed as an interest, 50% interest, the plan confirmation process, the objections to claim. The lawyer- The comments to the rule say that a lawyer who recurrently handled a type of problem for a former client is not precluded from later representing another client in a factually distinct problem of that type, even though the subsequent representation involves a position adverse to the plaintiff's claim. You have to remember the district, I mean, the bankruptcy court ruled against you on that. Correct. Entered an order, a court order, you cannot resume representing the trust and y'all disobeyed that order on multiple times. That's not exactly correct. You cannot represent the trust here. And it's- The bankruptcy court ruled against you on that. The bankruptcy court thereafter held an order to show cause hearing and discharged the order to show cause. And it was the same reasons that we've articulated in this appeal is effectively that there's a disconnect between the disqualification order and the acts that Moth and the firm took. The firm represented, first of all, the firm was only ever disqualified from representing the appellant here, the J.J. Rissell Trust. There's also a second trust. And there are two individuals who are beneficiaries, who are all clients and who all filed these in this, relevant in this appeal, the three other clients who were never disqualified from doing anything. They were all parties to the competing plan, disclosure statement, and adversary proceeding that was filed. And when we presented this to the bankruptcy court and said, judge, you only disqualified the firm from representing one trust, not the three other clients. The bankruptcy court held an evidentiary hearing and discharged the order to show cause. The explanation- Mr. Brewer, we've given you a half an hour this morning. And I think we understand your case. And we will stand in recess until tomorrow morning. Thank you. Thank you all. Thank you, judges. Have a good day. You too.